Sedgwick, J.
I concur with my brother These parties lived in the state of New York at the time the fact took place on which the application is grounded. Since that time the libellant has removed into this county, leaving his wife at her former place of resi dence. The statute which gives to this Court its jurisdiction in this class of cases, expressly limits that jurisdiction to the court holden for the county where the parties live. (Certainly it cannot be said that these parties live in this county.) I am disposed to give this statute a liberal construction ; and therefore if the parties had dwelt here before the time of the fact charged to have been committed, and the wrong-doer had removed out of the county and committed the offence, I should be for sustaining the libel, although it would not be precisely within the words of the statute. But where the parties live in another state, and one of them removes here under *136 an idea (I should hope an unfounded one) of greater facility in obtaining a divorce here, than in another state, I am not for extending the statute by construction, in order to accommodate it to such an application. The government under which the parties live, have authority to make what provision they please upon the subject, and such authority may be more conveniently exercised where the evidence is to be collected, and where the character of the parties is likely to be best known, and most easily ascertained.
The Attorney-General, for the libellant.
*Parsons, C. J.
This is a question upon the construction of the statute. The true meaning of the provision under consideration must be where the parties live at the time of the adultery committed. I agree with my brother Sedgwick in the case put by him of the criminal party changing his domicil. It would be an unreasonable construction to refuse an application under such circumstances.
The only point we decide in this case is, that, when the parties live in another state, and one of them commits adultery there, and the injured party removes into this state, and produces a libel for a divorce, such libel will not be sustained. The state to which the parties belong, has jurisdiction, and will exercise it, if it appear expedient (2).
Libel dismissed.

 [Carter vs. Carter, 6 Mass. 263.—Choate vs. Choate, post, 391.—Smith vs. Smith 9 Mass. 422.—Anonymous. 5 Mass. 197.—Smith vs. Smith. 6 Mass. 36.—Mace vs. Mace 7 Mass. 212.—Ed.]